IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| GEORGE HARRISON, | ) ) ) | |
| Petitioner, | ) ) | Case No. 10 C 4987 |
| v. | ) ) | Judge Virginia M. Kendall |
| KEITH ANGLIN, | ) ) | |
| Respondent. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner George Harrison ("Harrison") filed a petition for writ of habeas corpus under 28 U.S.C. § 2244, challenging the fifty-year sentence imposed on him after a jury found him guilty of first-degree murder by accountability in 1993. Respondent Keith Anglin ("Anglin"), Warden of the Danville Correctional Facility, moves to dismiss the petition as untimely. For the following reasons, the Court grants Anglin's Motion to Dismiss and denies Harrison a certificate of appealability.

**BACKGROUND**

The facts underlying this case were established by evidence at trial and are undisputed. The Court therefore adopts the underlying facts set forth by the Illinois appellate court. *See* 28 U.S.C. § 2254(e)(1); *see also Virsnieks v. Smith*, 521 F.3d 707, 714 (7th Cir. 2008).

In May 1991, Harrison and George Davis ("Davis") rented a car and went looking for an individual known as "Little Tim," who they believed had previously shot Davis. *See People v. Harrison*, No. 1-93-4176 at 4-5 (Ill. App. Ct. Sept. 29, 1995) (unpublished under Ill. Sup. Ct. R. 23) ("*Harrison I*"). While Harrison drove, Davis fired a gun at a group of people near the building,

killing Lathon Rogers.  *See id.*

On September 16, 1992, after separate jury trials, both Harrison and Davis were found guilty of first-degree murder and each was sentenced to fifty years imprisonment.  *See People v. Harrison*, No. 91-CR-15232 at 2 (Ill. App. Ct. July 31, 2009) ("*Harrison II*").

Harrison appealed his conviction, arguing that the state failed to conduct a *Batson* hearing and, alternatively, that his fifty-year sentence was excessive due to the minor role he played in the crime and his potential for rehabilitation.  *See Harrison I.*  The Illinois appellate court upheld the conviction and the length of the sentence on September 29, 1995.  *See id.*  Harrison did not file a timely petition for leave to appeal to the Illinois Supreme Court and his late petition for leave to appeal was denied on December 2, 1999.  *See Harrison II* at 2.  Harrison did not appeal to the United States Supreme Court.

Davis, Harrison's co-offender, also appealed his conviction.  The Illinois appellate court overturned Davis's conviction due to a *Batson* violation and several instances of ineffective assistance of counsel.  *See People v. Davis*, 677 N.E.2d 1340, 1348 (Ill. App. Ct. 1997).  In September 1999, Davis was retried and again found guilty of first-degree murder.  *See Harrison II* at 2.  He received a sentence of forty-eight years imprisonment.  *See id.*  The appellate court reversed this conviction on November 18, 2003 due to prosecutorial misconduct.  *See id.*  On remand, Davis entered either a guilty plea or a plea of nolo contendere,[1] and was given a twenty-year sentence on April 21, 2005.  *See id.* at 3.  Harrison learned about Davis's twenty-year sentence from a fellow

---

[1] Though the parties dispute this point, this issue is not relevant to the Court's analysis.  Harrison insists that Davis entered a plea of nolo contendere and not a plea of guilty.  Harrison, however, also stated in his October 17, 2005 Petition for Post-Conviction Relief that Davis was sentenced on April 21, 2005 "after entering a plea of guilty." (R. 12, Ex. C ¶ 6.)  In addition, the Illinois appellate court, in reviewing and denying Harrison's claims in July 2009, held that "nolo contendere is generally not recognized in Illinois practice," particularly for charges of first-degree murder, and that Davis's attorney told the circuit court that Davis "entered a guilty plea."  *Harrison II* at 7.

2

inmate on September 26, 2005.

On October 17, 2005, Harrison filed a post-conviction petition alleging that the fifty-year sentence imposed on him was unconstitutionally disparate in comparison with the twenty-year sentence that was ultimately imposed on Davis. Harrison's petition was denied by the Illinois circuit court on January 11, 2007 and the Illinois appellate court affirmed the decision on July 31, 2009. *See Harrison II*. The Illinois Supreme Court denied Harrison's petition for leave to appeal on November 25, 2009. *See People v. Harrison*, No. 109220 (Ill. Nov. 25, 2009).

Harrison then filed a petition for a writ of habeas corpus in this Court on August 3, 2010.

## **DISCUSSION**

**I.     Timeliness of the Petition**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). As is relevant here, the limitation period begins to run on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1)(D). Here, the parties dispute the date on which the factual predicate could have been discovered: Anglin, in his Motion to Dismiss, argues that the date is April 21, 2005, the day that Davis was actually sentenced; Harrison responds that the date is September 26, 2005, the day that he learned from a fellow inmate that Davis received a twenty-year sentence.

Under the AEDPA, the limitations period begins to run "when the factual predicate could have been discoverable through the exercise of due diligence, not when it was actually discovered by a given prisoner." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (internal quotations

3

omitted). Matters of public record are generally considered discoverable by due diligence. *See id.* at 359-60 (noting that use of a subjective standard based on actual knowledge, rather than an objective standard based on constructive knowledge, would render § 2244(d)(1)(D) essentially null). Sentences are documented by the courts, and are therefore part of the public record. *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 754 (1989) ("sentences are public events that are usually documented in court records."). Here, the issuance of Davis's twenty-year sentence, the factual predicate for Harrison's habeas corpus claim, was discoverable through reasonable diligence when it became part of the public record on April 21, 2005.[2] Therefore, Harrison's claim that he only learned of the disparity in sentencing on September 26, 2005 is unavailing; the factual predicate could have been discovered through the exercise of due diligence on April 21, 2005.

Beginning on April 21, 2005, Harrison had one year of untolled time to file his habeas corpus claim. *See* 28 U.S.C. § 2244(d)(2). Harrison filed his first petition for post-conviction relief on October 17, 2005, 179 days after Davis's sentence became final. The limitations period was tolled while that petition was pending in the Illinois trial and appellate courts. When Harrison's petition for leave to appeal was ultimately denied by the Illinois Supreme Court on November 26, 2009, the limitations period began to run once again. Harrison subsequently filed this petition for a writ of habeas corpus 250 days later, on August 3, 2010.

Accordingly, Harrison's petition for a writ of habeas corpus was filed 429 untolled days after Davis's sentence could have been discovered through the exercise of due diligence, which is 64 days after the one-year statute of limitations expired. As such, Harrison's petition is time-barred pursuant

---

[2] Harrison does not allege that Davis's sentence was not part of the public record.

to § 2244(d)(1).

## II. Equitable Tolling

Notwithstanding Harrison's failure to timely file his petition, the Court considers whether the doctrine of equitable tolling applies. *See Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (holding that 28 U.S.C. § 2244(d)(1) is subject to equitable tolling). If a petitioner is able to establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance outside of the petitioner's control stood in his way and prevented timely filing without any fault of his own, he is entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004). The circumstances alleged by the petitioner must be truly "extraordinary" in order to warrant the application of equitable tolling. *See Holland*, 130 S.Ct. at 2564 (holding that extreme attorney misconduct can satisfy the "extraordinary circumstance" requirement); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) (holding that mistakes of law and ignorance of legal procedure are not extraordinary circumstances).

While Harrison appears to have pursued his rights with reasonable diligence after learning of Davis's sentence, he fails to allege any extraordinary circumstance that would justify his delayed discovery of Davis's reduced sentence and warrant equitable tolling. *See Arrieta*, 461 F.3d at 867; *Lloyd v. Van Natta*, 296 F.3d 630, 633-34 (7th Cir. 2002) (holding that lack of access to trial transcript does not warrant equitable tolling). The doctrine of equitable tolling therefore does not apply in this case, and the total number of untolled days remains at 429, 64 days beyond the one year provided under the AEDPA. As such, Harrison's petition for writ of habeas corpus remains time-barred.

5

**III.    Certificate of Appealability**

Section 2253 provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citation omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

Here, Harrison's habeas petition was filed 64 days after the expiration of the one-year statute of limitations period provided by 28 U.S.C. § 2244(d)(1). As such, no reasonable jurist could conclude that the Court has erred in dismissing the petition as time-barred. In addition, the Seventh Circuit has rejected the argument that disparate sentencing of similarly situated co-defendants violates any constitutional right. *See Dellinger v. Bowen*, 301 F.3d 758, 767-68 (7th Cir. 2002) ("as long as a defendant receives a constitutional sentence, he is not entitled to assert third parties' rights to better sentencing practices and thereby improve his own lot.") (internal quotations and citation omitted). Therefore, Harrison is unable to allege a constitutional violation based on Davis's 20-year

6

sentence because Harrison's sentence was within the statutory range for those convicted of first-degree murder[3] and was not "an illegal or unconstitutional one." *Id.* at 768 (noting that petitioner failed to identify "any Supreme Court precedent establishing that it is a violation of the Equal Protection Clause to receive a greater sentence that one's partner in crime."); *see, e.g., Knight v. Bartley*, 2011 WL 862046 at *4 (N.D. Ill. Mar. 4, 2011) (Gottschall, J.) (finding "plainly meritless" petitioner's claim that his one-hundred-year sentence was unconstitutionally disparate from the sixty-year sentence that his co-defendant received upon the co-defendant's retrial and resentencing).[4]

The Court declines to grant Harrison a certificate of appealability because there is no reasonable argument that Harrison's petition is timely or that his sentencing disparity claim is cognizable.

---

[3] *See Harrison I* at 15 (noting that the circuit court sentenced Harrison "to a 50-year term of imprisonment which is within the statutory range of 20-60 years") (citing 730 ILCS 5/5-8-1(a)(1)(a) (West 1992)).

[4] Moreover, Harrison has not demonstrated that he is similarly situated to Davis because Harrison was sentenced after a jury found him guilty while Davis was ultimately sentenced pursuant to a plea. *See People v. Rivera*, 634 N.E.2d 347, 356 (Ill. App. Ct. 1994) ("where a codefendant pleads guilty as part of a plea agreement, this court has held that a sentence entered after a guilty plea does not provide a valid basis of comparison to a sentence imposed after a trial.") (internal quotations and citation omitted). Harrison's claim that Davis pled nolo contendere is unsupported by the record before the Court and was refuted by the Illinois appellate court. Nonetheless, the dispute regarding whether Davis pled guilty or nolo contendere has no bearing on the Court's finding that disparate sentences among co-offenders does not violate the Constitution. *See U.S. v. Cavender*, 228 F.3d 792, 803 (7th Cir. 2000) (noting that disparity is not a "pertinent" issue when comparing the within-guideline sentences of co-defendants "because we have a system of individualized sentencing"); *U.S. v. McMutuary*, 217 F.3d 477, 490 (7th Cir. 2000) (noting that a petitioner may have a valid constitutional complaint if his sentence created a disparity "in comparison to the sentences imposed on all other individuals appropriately sentenced under the [Sentencing] Guidelines for similar criminal conduct"). Here, Harrison makes no claim that his sentence is out of proportion with sentences imposed nationally for similar crimes.

## CONCLUSION AND ORDER

For the reasons stated, the Court grants Anglin's Motion to Dismiss Harrison's petition for a writ of habeas corpus as time-barred pursuant to 28 U.S.C. § 2244(d). Harrison's petition is dismissed with prejudice and his certificate of appealability is denied.

So ordered.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: May 24, 2011